MORTON & CRAIG LLC
John R. Morton, Jr., Esq.
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: 856-866-0100
Attorney for: AmeriCredit Financial Services, Inc., dba GM Financial

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

In re: ) Case No. 17-19000(JNP)
)
SAKIA T. HILL ) Chapter 13
)
) Hearing Date: 7-5-17
)
) **<u>OBJECTION TO CONFIRMATION</u>**

AmeriCredit Financial Services, Inc., dba GM Financial ("GM FINANCIAL"), a secured creditor of the debtor, objects to the confirmation of the debtor's plan for the following reasons:

a. **VEHICLE UNDERVALUED:** GM FINANCIAL has a first purchase money security interest encumbering a 2013 Jeep Patriot Latitude 4wd vehicle. In May of 2017, with assumed mileage of 62,500 the vehicle had a clean retail value of $13,425 in the NADA Official Used Car Guide. The plan must be amended to pay GM Financial $13,425 with interest at 5%. The trustee should compute interest. If interest was precomputed and the debtor made all payments timely,

the trustee would pay GM FINANCIAL $14,484.93 over 36 months or $15,200.78 over 60 months.

b. The plan as proposed also violates §1326(a)(1) and 1325(a)(5)(B)(iii)(I) since it does not provide for payment to GM FINANCIAL of sufficient adequate protection payments or equal monthly payments. Adequate protection payments should be made to GM FINANCIAL beginning in June of 2017 at $201 per month, being 1.5% of the vehicle value.  Adequate protection payments should be given super priority administrative expense status and paid ahead of attorney fees.  Adequate protection payments should continue after confirmation and be paid until regular distributions begin to be made to GM Financial.

c. **Proof of insurance:** The vehicle must be insured with comprehensive and collision insurance coverage and liability coverage in accordance with the requirements contained in the contract.  GM FINANCIAL Dealer Services must be listed as loss payee or additional insured. **The debtor must provide GM FINANCIAL with proof that the vehicle is insured in accordance with §1326(a)(4) and this portion of the objection to confirmation should be considered a demand that the debtor provide proof of insurance**.

d. GM FINANCIAL must retain its lien on the vehicle after confirmation and the plan must provide for this.

e. The order of payments in the plan must be revised to pay adequate protection payments before all other payments with the exception of trustee commissions.

/s/ John R. Morton, Jr.___
John R. Morton, Jr., attorney for
GM FINANCIAL

Dated: 6-16-17